UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 7

Robert S. Gourlay,                                        Case No. 12-46096

    Debtor.                                           Hon. Phillip J. Shefferly

_____/

**OPINION GRANTING IN PART UNITED STATES TRUSTEE'S
MOTION FOR RELIEF UNDER SECTION 329 OF THE BANKRUPTCY CODE**

**Introduction**

This opinion deals with a motion filed by the United States Trustee ("UST") under § 329 of the Bankruptcy Code, seeking disgorgement of a fee paid to a Chapter 7 debtor's attorney and cancellation of an agreement to pay a fee to the attorney. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a). For the reasons explained in this opinion, the Court denies the motion's request for disgorgement, but grants the motion's request to cancel the fee agreement between the Debtor and his attorney, to the extent that it provides for the payment of any further fees in this Chapter 7 case.

**Facts**

The following facts are not in dispute.

On March 13, 2012, the Debtor filed this Chapter 7 case. The attorney who signed the petition is James P. Frego, from Frego & Associates-The Bankruptcy Law Office PLC ("Frego"). Along with the petition, Frego filed a statement of attorney for Debtor pursuant to Fed. R. Bankr. P. 2016(b) (docket entry no. 1). The Rule 2016(b) statement describes "the compensation paid or agreed to be paid by the debtor" as follows:

2. The compensation paid or agreed to be paid by the Debtor(s) to the undersigned is: [Check one]

[ X ]   FLAT FEE

    A.    For legal services rendered in contemplation of and in connection with this case, exclusive of the filing fee paid . . . . . . . . . . . . 1,000.00

    B.    Prior to filing this statement, received . . . . . . . . . . . . . . . . . . . 100.00

    C.    The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . 900.00

The Debtor paid the $100.00 pre-petition, but has made no payments on the $900.00 due post-petition. On May 24, 2012, the UST filed a motion (docket entry no. 15) under § 329 of the Bankruptcy Code. The motion seeks an order requiring Frego to disgorge any amounts paid by the Debtor, and cancelling the fee agreement between the Debtor and Frego to the extent that it calls for any further payments. On July 6, 2012, Frego filed a response (docket no. 20). The Court held a hearing on July 23, 2012.

## Positions of the parties

The UST's motion makes two arguments. First, the UST argues that the fee agreement[1] between the Debtor and Frego creates a pre-petition debt that is dischargeable in the Debtor's Chapter 7 case. According to the UST, even though the fee arrangement is described as a "flat fee," the Debtor's promise to pay $900.00 of the flat fee post-petition is a pre-petition debt that is dischargeable under § 727 of the Bankruptcy Code. Second, the UST argues that any acts by Frego to collect the $900.00 that was not paid at the time of the petition violate the automatic stay of § 362(a) of the Bankruptcy Code. Further, once the Debtor received his discharge on June 26, 2012,

---

[1] The Court does not have a copy of the Frego fee agreement in this case, and is relying on the description of the agreement contained in the Rule 2016(b) statement. However, there is no dispute about the accuracy of that description.

the UST asserts that any acts to collect the unpaid balance of the $900.00 violate the discharge injunction of § 524(a) of the Bankruptcy Code. Because the Debtor's pre-petition agreement to make payments post-petition is a dischargeable debt that Frego cannot collect post-petition, the UST asserts that the agreed upon flat fee exceeds the reasonable value of the services provided by Frego to the Debtor. As a consequence, the UST says the agreement must be cancelled and any amounts paid disgorged, all pursuant to § 329(b) of the Bankruptcy Code.

Frego makes several arguments in response. First, Frego argues that the Bankruptcy Code expressly permits the attorney fee for a Chapter 7 debtor to be paid after a bankruptcy petition has been filed. Specifically, Frego points out language in § 329(a) that requires an attorney representing a debtor to disclose not only the compensation paid, but also the compensation "agreed to be paid." Second, Frego argues that Fed. R. Bankr. P. 1006(b)(3) contemplates the payment of a Chapter 7 debtor's attorney fee post-petition by providing that when a filing fee is paid in installments, "all installments for the filing fee must be paid in full before the debtor . . . may make further payments to an attorney . . . ." Third, Frego argues that even if a Chapter 7 debtor's pre-petition agreement to pay a portion of the attorney fee post-petition is potentially dischargeable as a pre-petition debt, a debtor is free to voluntarily make post-petition payments on such debt to the debtor's attorney. Fourth, Frego argues that the underlying point of the UST's motion, that the entire fee for a Chapter 7 debtor's attorney must be paid pre-petition, "leads to absurd results," because it is both contrary to practice and legally unsound. Finally, Frego argues that if the Court agrees with the UST that the entire fee for a Chapter 7 debtor's attorney must all be paid up front before a petition is filed, this would have the effect of denying access to bankruptcy to an entire class of individuals who simply cannot afford to pay all of their attorney fee up front before the petition is filed.

**Discussion**

Section 329(a) of the Bankruptcy Code requires that any attorney representing a debtor in a bankruptcy case must

> file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

Federal Rule of Bankruptcy Procedure 2016(b) provides that this statement must be filed "within 14 days after the order for relief," and describes the level of detail that must be set forth in the statement. Section 329(b) further provides that if the compensation set forth in the statement "exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive[.]" In this case, as noted above, the UST argues that the flat fee that the Debtor agreed to pay Frego is excessive because the Debtor's promise to pay $900.00 of the flat fee post-petition is a dischargeable debt. The first issue for the Court is whether the UST is correct that this is a dischargeable debt.

The United States Court of Appeals for the Sixth Circuit, in <u>Rittenhouse v. Eisen</u>, 404 F.3d 395 (6th Cir. 2005), squarely held that a debtor's pre-petition agreement to pay attorney fees is a dischargeable debt.

> The issue of whether pre-petition attorney fees are dischargeable in bankruptcy is *res nova* in this circuit. We join three other circuits in concluding that pre-petition attorney fees are dischargeable, and we affirm the order of the district court.
>
> 11 U.S.C. § 727(b) provides that a discharge under Chapter 7 relieves a debtor of all debts incurred prior to the filing of a petition for bankruptcy, except those nineteen categories of debts specifically enumerated in 11 U.S.C. § 523(a). A debt for pre-petition legal services is not one of the non-dischargeable debts enumerated in § 523(a).

-4-

Id. at 396 (citing In re Fickling, 361 F.3d 172 (2d Cir. 2004); Bethea v. Adams & Associates, 352 F.3d 1125 (7th Cir. 2003); and In re Biggar, 110 F.3d 685 (9th Cir. 1997)).

In reaching its decision, the Sixth Circuit Court of Appeals in Rittenhouse adopted Bethea's analysis of § 329, and expressly rejected Frego's argument that § 329 somehow constitutes an exception to discharge in a Chapter 7 case. Id. at 397. Regardless of the fact that Frego's Rule 2016(b) statement describes the Debtor's agreement as a flat fee, the undisputed fact is that the Debtor paid only $100.00 pre-petition, and the Debtor agreed pre-petition to pay the remaining $900.00 post-petition. There is no serious question that this is a pre-petition agreement to pay an attorney fee post-petition, which is a dischargeable debt under § 727. Rittenhouse is controlling on this issue.

Although Rittenhouse did not specifically address Frego's second argument, that Fed. R. Bankr. P. 1006(b)(3) also supports an exception to discharge for the payment of attorney fees, Frego's reliance on this rule must also fail. First, all that Rule 1006(b)(3) says is that if an individual debtor is permitted to pay a filing fee in installments, that individual debtor must pay the filing fee in full before such debtor "may make further payments to an attorney." Saying that a debtor cannot make further payments to an attorney until a filing fee has been paid in full does not mean that a pre-petition agreement to pay an attorney fee post-petition is somehow excepted from discharge under § 727. Second, even if the rule said that, which it does not, a rule cannot create an exception to discharge that conflicts with the Bankruptcy Code. See 28 U.S.C. § 2075 ("The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11. Such rules shall not abridge,

enlarge, or modify any substantive right."). As noted in Rittenhouse, § 523 of the Bankruptcy Code lists the exceptions to discharge. A pre-petition debt to an attorney is not one of them.

Because the Debtor's pre-petition promise to pay $900.00 to Frego post-petition is a pre-petition debt, the UST is correct that Frego was stayed by the filing of the Debtor's petition from taking any steps to collect this debt from the Debtor under § 362(a). Any act to collect this pre-petition debt -- even just asking the Debtor to pay it -- violates the automatic stay that went into effect when the Debtor filed for relief under Chapter 7. As the Debtor has already received his discharge, any act to collect the debt is now prohibited by the discharge injunction of § 524(a).

While seeming to concede that the Debtor's pre-petition agreement in this case is dischargeable, Frego nevertheless asserts in his third argument that the Debtor can still make voluntary payments to him post-petition, so long as Frego does not ask the Debtor to make such payments or otherwise seek to collect such payments. Here is the problem with that position. By having the Debtor agree pre-petition to pay the $900.00 balance of the flat fee post-petition, Frego is undoubtedly creating an impression for the Debtor that there is an obligation to make such payments, and that such obligation can be enforced. Perhaps in theory that impression could be countered by fully explaining to the Debtor that the Debtor is not legally obligated to pay the $900.00 balance. But this puts Frego's best interest (i.e., getting the $900.00 paid) in direct conflict with the Debtor's best interest (i.e., getting the $900.00 discharged). In such circumstances, the Court is skeptical that any post-petition payments by the Debtor would truly be voluntary. In any event, Frego does not contend that this is a case where the Debtor unilaterally decided post-petition to start sending money to Frego without any prompting. Instead, Frego readily admits that there is a pre-petition contract in this case in which the Debtor agreed to continue to make payments post-

petition and that this contract is the reason for any post-petition payments. Having the Debtor sign an agreement pre-petition to continue to make payments post-petition, and then relying on that agreement to provide the reason for the post-petition payments, takes this case out of the paradigm of a debtor who voluntarily decides post-petition to pay a pre-petition debt for moral or other reasons.

Frego's fourth argument addresses what Frego believes is the UST's fundamental point: that all attorney fees for Chapter 7 debtors must always be paid in advance. Here, Frego asserts that a flat fee that is paid in full pre-petition to a Chapter 7 debtor's attorney for all of the attorney's services in the Chapter 7 case necessarily includes compensation for some post-petition services (e.g., attendance at the § 341 meeting). But if the entire flat fee paid pre-petition is also intended as compensation for some post-petition services by the attorney, then a debtor must be required to list the unused portion of the pre-petition retainer on schedule B and treat it as property of the estate to be administered by the Chapter 7 trustee. Frego states that this is contrary to practice. More importantly, if the unused portion of the pre-petition retainer truly is estate property, Frego asserts that it could not lawfully be used to pay any portion of the Chapter 7 debtor's attorney fee without violating the United States Supreme Court's ruling in Lamie v. United States Trustee, 540 U.S. 526 (2004). Therefore, Frego argues that the UST's insistence that the entire fee for a Chapter 7 debtor's attorney be paid in full pre-petition must be rejected.

It is unnecessary for the Court to tackle in this case all of the issues raised by Frego's fourth argument. The question before the Court in this case is much more narrow: is the Debtor's pre-petition agreement in this case to pay post-petition $900.00 of Frego's flat fee an agreement that the Court must cancel under § 329(b)? The Court can answer that question based on the undisputed

-7-

12-46096-pjs    Doc 23    Filed 10/09/12    Entered 10/09/12 16:12:23    Page 7 of 9

facts in this case without providing advice about the propriety of other fee arrangements in Chapter 7 cases. To the extent that the Debtor made a pre-petition agreement to pay $900.00 of Frego's flat fee post-petition, that agreement is dischargeable under § 727. Any attempt by Frego to enforce that agreement would violate the automatic stay of § 362(a) and, upon the Debtor receiving a discharge, would violate the discharge injunction of § 524(a). The Court concludes that the Debtor's agreement to make post-petition payments in this case must be cancelled under § 329(b) because it is simply unenforceable.

That leaves Frego's final argument: that granting the UST's motion and prohibiting an attorney from having a debtor sign a pre-petition agreement to make post-petition payments deprives a whole class of individuals from obtaining access to the bankruptcy court. The cost of legal services to file bankruptcy is a long standing and inherent problem. There is no doubt that some individuals do not have the funds to pay an attorney for a Chapter 7 bankruptcy case. By definition, individuals filing bankruptcy seek a discharge of their debts and relief from their financial difficulties. It requires no great imagination to understand that individuals who are candidates for such relief frequently do not have the funds available to pay an attorney in full for such services before filing bankruptcy. But a generalized, albeit legitimate, concern for individuals who do not have funds to hire an attorney does not permit the Court in this case to disregard the plain and unambiguous provisions in the Bankruptcy Code that govern what debts are dischargeable and what debts are excepted from discharge.

## **Conclusion**

There is no exception to discharge for a pre-petition agreement to pay attorney fees. Frego cannot collect any post-petition payments from the Debtor under the agreement made pre-petition

-8-

between Frego and the Debtor. The pre-petition agreement between the Debtor and Frego calling for the Debtor to pay $900.00 of Frego's flat fee post-petition must be cancelled under § 329(b) of the Bankruptcy Code. However, the Court does not find that § 329(b) requires disgorgement of the $100.00 paid by the Debtor to Frego pre-petition. It appears from a review of the file that this case was properly and diligently prosecuted. The Debtor has already obtained a discharge. The fee of $100.00 paid pre-petition for the services rendered in this case does not exceed the reasonable value of the services. Therefore, to the extent that the UST requests disgorgement of that $100.00, such request is denied. The Court will enter a separate order granting the UST's motion in part, consistent with this opinion.

.

**Signed on October 09, 2012**

                                              **/s/ Phillip J. Shefferly**
                                              **Phillip J. Shefferly**
                                              **United States Bankruptcy Judge**